**ORIGINAL** **IN THE DISTRICT COURT OF THE UNITED STATES**

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

**FOR THE NORTHERN DISTRICT OF TEXAS** 2022 FEB -2  AM 8: 45

**DALLAS DIVISION**

DEPUTY CLERK____MS____

|  |  |  |
|---|---|---|
| **KIMBERLY JOHNSON,** | § | **3-22CV0242-X** |
| **Plaintiff,** | § | **Case No.** _____ |
| vs. | § | |
| | § | |
| **SOUTHWEST RECOVERY SERVICES, et. al.,** | § | |
| **Defendants.** | § | |

**COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff, Kimberly Johnson ("Plaintiff"), files this complaint against Defendants, Equifax

Information Services LLC**,** Credit Innovation Group and Southwest Recovery Service, jointly,

severally, and in solido, state as follows:

**I. INTRODUCTION**

1.    Two of the Defendants are a consumer reporting agency, ("CRAs") as defined by

15 U.S.C. § 1681a(f), one Defendant, Gemini Direct LLC d/b/a Credit Innovation Group Credit

Innovation Group is a Credit service organization as defined by Texas Finance Code Sec.

393.001 and the alleged creditor as defined in 15 U.S. Code § 1692a (4). Gemini Direct LLC is

the parent company of Credit Innovation Group, Gemini Direct LLC dba Credit Innovation

Group and Southwest Recovery Service is a debt collector as defined in 15 U.S. Code § 1692a

(6) Defendants ("CRAs") have violated 15 U.S.C. § 1681 *et seq.*, known as the Fair Credit

Reporting Act (the "FCRA") and remaining defendants have violated the Fair Debt Collection Practice Act ("FDCPA"). Plaintiffs seek to recover from Defendants actual, statutory, punitive damages and injunctive relief pursuant to 15 U.S.C.§ 1681, *et seq*. ("Fair Credit Reporting Act" or "FCRA") and 15 U.S. Code § 1692 et. seq. ('Fair Debt Collection Practice Act or "FDCPA")

## II. PARTIES

2.      Plaintiff, Kimberly Johnson, is a natural person living in Dallas County, state of Texas, is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c)**,** and is a victim of repeated false credit reporting and identity theft.

**Made Defendants herein are**:

3.      Upon information and belief, Defendant Equifax Information Services LLC, which may also hereinafter be referred to as "Equifax," "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants" is a Georgia limited liability company that does substantial business in this judicial district and may be served by delivering a summons to its registered agent, Corporation Service Company, 2 Sun Court Suite 400, Peachtree Corners Georgia 30092 with its principal address being,1550 Peachtree Street, Northwest, Atlanta, Georgia 30309. Equifax is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f). Equifax regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. §1681a(f) to third parties. Equifax disburses such consumer reports to third parties of contract for monetary compensation.

4.      Upon information and belief, Defendant Southwest Recovery Services, is a Texas limited liability company that does substantial business in this judicial district and may be served by

delivering a summons to its registered agent Steven Dietz, address 16200 Addison Road Suite 260 Addison, Texas 75001. Southwest Recovery Services regularly engages in the business of debt collection as defined by 15 U.S. Code § 1692a (6).

5.      Upon information and belief, Steve F. Urvan is an individual who resides Palm Beach County, Florida and is a Managing Member and 100% owner of Gemini Direct, LLC d/b/a as Credit Innovation Group and is being sued in his individual capacity and can be served at 961 Fern Drive Delray Beach, Florida 33483.

6.      Upon information and belief Gemini Direct, LLC doing business as Credit Innovation Group, in which Gemini Direct, LLC is the ultimate parent company of Credit Innovation Group which is a Credit Repair Organization as defined by 15 § U.S. Code 1679a and a Credit services organization as defined by Texas Finance Code Sec. 393.001 and the alleged original creditor as defined by 15 U.S. Code § 1692a (4) that does business in this judicial district and may be served by delivering a summons to its registered agent, Dan Thompson at 625 N. State Street Unit 2 Hildale, UT 84784.

7.      Experian Information Solutions, Inc., which may also hereinafter be referred to as "Experian", "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants," does business in this judicial district and is an Ohio corporation with its principal place of business located at 475 Anton Blvd Costa Mesa, California 92626-7037. Experian is a CRA as defined by 15 U.S.C. § 1681a(f). Experian regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined by 15 U.S.C.§ 1681a(f) to third parties. Experian

disburses such consumer reports to third parties of contract for monetary compensation.

8.      As used herein, "consumer reporting agency," or "CRA," means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports and is an entity in the business of collecting, maintaining and disseminating information regarding the credit worthiness of individuals. CRAs specifically include but are not limited to Equifax and Experian.

### III. JURISDICTION AND VENUE

9.      Plaintiff respectfully asserts that this Honorable Court has jurisdiction in this case arising under federal law. 28 U.S.C. § 1331, and 1367 and 15 U.S.C. § 1681 and 15 U.S.C. § 1692. Plaintiff also asserts actions under states' laws which may be brought within the supplemental jurisdiction of this Court and Plaintiff respectfully requests that this Honorable Court exercise supplemental jurisdiction over said claims pursuant to 28 U.S.C. § 1367.

10.     Venue is proper in this district, because CRA Defendants, Southwest Recovery Services and Gemini Direct LLC dba Credit Innovation Group transact business in this district. Southwest Recovery Services headquarters are in this judicial district, a substantial part of the conduct complained of occurred in this district, and various actions made basis of Plaintiffs' claims against Defendants occurred in the Northern District of Texas as further

described.

11.     Venue is further proper in this District, because CRA Defendants entered into agreements with Gemini Direct LLC dba Credit Innovation Group and Southwest Recovery Service in this judicial district to receive and report credit reporting data concerning Plaintiff. Southwest Recovery Services managed Plaintiff's alleged debt from this judicial district.

## IV. FACTUAL ALLEGATIONS

12.     After applying for an extension of credit and then being declined, Plaintiff obtained a copy of the consumer credit report and noticed a debt in the amount of $5,174, appeared in the consumer credit file. The consumer reporting agency reporting the alleged debt is 'Equifax Information Services LLC, ("Equifax"), Experian Information Solutions, ("Experian"), debt collector Southwest Recovery Service and Gemini Direct LLC d/b/a Credit Innovation Group.

13.     Plaintiff has never conducted business or entered into an agreement with Gemini Direct LLC d/b/a Credit Innovation Group, reporting on Plaintiff's consumer credit file as "Credit Innovations" (See **Exhibit A** -Experian Report) (See **Exhibit B** -Equifax Report)

14.     In an attempt to verify the debt, it was determined that there is no such business name "Credit Innovations", that the consumer reporting agencies were reporting as shown in **Exhibit A,** and **Exhibit B**, however upon further research, Plaintiff was able to determine that Gemini Direct LLC is doing business as Credit Innovation Group **Exhibit C**, although their ability to conduct business in the name of Credit Innovation Group expired with the state of Utah 6-6-2021 and as yet to be renewed, as shown in **Exhibit C**, and can be verified on Utah state's website at https://secure.utah.gov/bes/, thereby Southwest Recovery Service, Experian and

Equifax representing a false and misleading name of the alleged creditor. *See* Wallace v. Washington Mut. Bank, F.A., 683 F.3d 323, 327 (6th Cir. 2012) ("District courts have decided, and we agree, that a false representation of the creditor's name may constitute a false representation . . . under Section 1692e" because failing to accurately identify the creditor may "cause confusion and delay in trying to contact the proper party concerning payment . . . and resolution of the problem.") Heathman v. Portfolio Recovery Assocs., LLC, CASE NO. 12-CV-515-IEG (RBB), 6-7 (S.D. Cal. Jul. 13, 2013).

15.     Plaintiff was also able to determine that the address of Southwest Recovery Service reported by Experian and Equifax in **Exhibit A** and **Exhibit B** are two different addresses, neither of which is the correct address of the debt collector. **Exhibit D** is the correct address of the debt collector as shown on the debt collectors' website www.swrecovery.com/locations/ as well as maintained by the Texas Secretary of State mycpa.cpa.state.tx.us/coa/coaSearchBtn#  See **Exhibit E.**

16.     Plaintiff contacted Gemini Direct LLC, dba Credit Innovation Group to obtain information about the alleged debt and was unsuccessful. At that point, Plaintiff searched the Texas Secretary of State database to determine the legality of Credit Innovation Group and it was determined by research that Gemini Direct LLC, dba Credit Innovation Group, whom Credit Innovation Group is a Credit service organization as defined by Texas Finance Code Sec. 393.001 is not registered to conduct business in Texas.

Pursuant to Texas Business and Commerce Code § 71.101, a corporation, limited partnership, limited liability partnership, limited liability company, or foreign filing entity must file a certificate under this subchapter if the entity:

(1) regularly conducts business or renders professional services in this state under an assumed name; or

(2) is required by law to use an assumed name in this state to conduct business or render professional services.

17.     Texas Business and Commerce Code § 71.201 states that until Gemini Direct LLC's doing business as Credit Innovation Group file an assumed name certificate, it may not maintain an action in court. Thoede v. Wortham, No. 05-17-00191-CV, 2018 WL 3342692

18.     Plaintiff searched the https://secure.utah.gov/bes/ and it was determined that Gemini Direct LLC's doing business as Credit Innovation Group, right to conduct business under this d/b/a expired 7/29/2021 and has not been renewed **See Exhibit F**

19.     The Plaintiff does not have any business agreement with Gemini Direct LLC, dba Credit Innovation Group or Southwest Recovery Services. If a creditor or debt collector intends to collect on an alleged debt claim, then the alleged creditor is legally responsible to prove the creditor-debtor relationship, the signed agreement between the parties and the right to collect. The defendants failed to prove this, so it is justified that this claim is fabricated and was only filed to cause economic and non-economic damages to the Plaintiff. The debt claim made by the Gemini Direct LLC, dba Credit Innovation Group and Southwest Recovery Services are Fabricated, misleading and made with malafide intention.

20.     Upon Plaintiffs' request to Experian for verification regarding the Credit Innovation Group account, Experian failed to perform any investigation. In the alternative, and in accordance with Experian's standard procedures, Experian did not evaluate or consider any of Plaintiffs' information, claims, or evidence. Importantly, Experian failed to maintain procedures which would ensure that, if any investigation took place, it would provide Plaintiffs with a response communicating the results. Further, Experian did not make any attempts to substantially or reasonably verify the Credit Innovation Group negative entry. In an attempt to have the debt verified, I provided and Identity Theft Affidavit. Experian responded. (**See Exhibit G)** and "Equifax" has failed to respond at all.

21.     The reporting agency "Equifax" and "Experian" reported this debt in the consumer file of the Plaintiff without any verification and fulfilling the legal requirements and as of February 1, 2022, continues to report the disputed debt.

### V. ARGUMENTS

NOW comes to the legal argument in the light of above stated statement of facts;

22. **GEMIMI DIRECT LLC d/b/a CREDIT INNOVATION GROUP DOING BUSINESS WITHOUT BEING REGISTERED WITH THE TEXAS SECRETARY OF STATE**

a.      *Lucio v. State*, No. 13-15-00349-CV, at *2 (Tex. App. June 29, 2017) In this case, On February 8, 2011, the State filed its original petition and application for temporary and permanent injunction against Lucio for violations of Chapter 393 of the Texas Finance Code, *see* TEX. FIN. CODE § 393.001—.628 (West, Westlaw through Ch. 34 2017 R. S.), and

the Deceptive Trade Practices—Consumer Protection Act, *see* TEX. BUS. & COM. CODE ANN. § 17.41—.63 (West, Westlaw through Ch. 34 2017 R. S.).

b.      The trial court signed an agreed final judgment and permanent injunction. The permanent injunction prohibited Lucio from (1) engaging in business as a credit services organization unless he holds a credit services organization certificate of registration and bond; (2) advertising, offering for sale, selling, or distributing a credit repair service to the public unless he holds a credit services organization certificate of registration; and (3) misrepresenting—either orally or in writing, directly or by implication—any fact material to a consumer's decision to purchase any credit repair service.

c.      "Article 8.01, Tex. Bus. Corp. Act Ann., states in part that a foreign corporation may not transact business within Texas until it has received a permit to do so. "*Amoco Production Co v. Arendale*, 581 S.W.2d 755, 757 (Tex. Civ. App. 1979)

d.      "The Texas Business Corporation Act, Tex. Rev. Civ. Stat. Ann. art. 2.01, sec. B (2) (Vernon Supp. 1988), provides no corporation may be organized under this Act if its purpose is to engage in an activity which requires a license, and such a license cannot lawfully be granted to a corporation" *Group Med Surgical Serv v. Leong*, 750 S.W.2d 791, 794 (Tex. App. 1988)

e.      Tex. Fin. Code Ann.§ "Section 9.001 of the Texas Business Organizations Code ("BOC") requires a foreign entity must register under this chapter. *See* Section 9.001(b) of the BOC provides that "[a] foreign entity described by Subsection (a) must maintain the entity's registration while transacting business in this state."

f.     "The Supreme Court of Texas concludes that under the unambiguous language of the predecessor statute to section 171.252, a corporate entity whose right to transact business in Texas has been forfeited and not revived does not have the right to defend itself in a Texas court." *Zaidi v. Shah*, No. 14-14-00855-CV, at *10 (Tex. App. Sep. 8, 2016)

g.     "The Texas Business Corporation Act, Tex. Rev. Civ. Stat. Ann. art. 2.01, sec. B (2) (Vernon Supp. 1988), provides no corporation may be organized under this Act if its purpose is to engage in an activity which requires a license, and such a license cannot lawfully be granted to a corporation" *Group Med Surgical Serv v. Leong*, 750 S.W.2d 791, 794 (Tex. App. 1988)

h.     Section 9.001 of the Texas Business Organizations Code ("BOC") requires foreign entities to file an application for registration with the Texas secretary of state if the entity is "transacting business" in Texas. Gemini Direct LLC dba Credit Innovation Group is indeed transacting business in Texas, albeit not registered.

In the light of above-mentioned laws and case laws it is justified that the defendant Gemini Direct LLC dba Credit Innovation Group is an illegal business entity that is working within Texas state. Under the above-mentioned laws, the creditor cannot take any legal action against the Plaintiff, nor does Gemini Direct LLC dba Credit Innovation Group the Defendant have any legal remedy under the laws. The court should take an immediate action against the Gemini Direct LLC dba Credit Innovation Group on violation of the Texas laws.

23.        **MISLEADING AND FABRICATION OF DEBT**

a.     The Federal Fair Debt Collection Practices Act prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. I deny that Southwest Recovery Service has in its possession an

agreement with Plaintiff and Gemini Direct LLC dba Credit Innovation Group, as no such contract exists. A prevailing plaintiff may recover actual damages, additional damages up to $1,000, costs, and reasonable attorney's fees for prosecuting the civil action. *Id.* § 1692k. "Actual damages can include damages for emotional distress, out-of-pocket expenses, personal humiliation, embarrassment, or mental anguish." *Agueros v. Hudson & Keyse, LLC,* No. 04-09-00449-CV, 2010 WL 3418286, at *6 (Tex. App.—San Antonio Aug. 31, 2010, no pet.) (citing *Harrington v. Nat'l Enter. Sys., Inc.,* No. 4:08cv422, 2010 WL 890176, at *4 (E.D. Tex. Mar. 9, 2010)). *Richardson v. SV Almeda I Ltd. P'ship*, No. 01-11-01004-CV, at *23 (Tex. App. Aug. 29, 2013)

b.      Section 392.304 of the TDCA, entitled "Fraudulent, Deceptive or Misleading Representations," provides in part that "in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation" that fails "to disclose clearly in any communication with the debtor the name of the person to whom the debt has been assigned or is owed when making a demand for money." TEX. FIN. CODE ANN. § 392.304(a)(4). The statute further provides that "a debt collector may not use a fraudulent, deceptive, or misleading representation misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding." *Id.* § 392.304(a)(8). *Ebrahimi v. Caliber Home Loans, Inc.*, No. 05-18-00456-CV, at *8 (Tex. App. Apr. 15, 2019)

c.      "Section 392.304(a)(8) of the TDCPA, which prohibits a debt collector from misrepresenting the character, extent, or amount of a consumer debt. *See* TEX. FIN. CODE ANN. § 392.304(a)(8) (West 2006)." *Shin v. Chase Home Fin., LLC*, No. 05-12-01634-CV, at *4 (Tex. App. June 30, 2014)

d.      15 U.S. Code § 1692e requires a debt collector to refrain from using any "false,

deceptive, or misleading representation or means in connection with the collection of any debt."

The statute delineates specific conduct that violates section 1692e, including: (1) falsely

representing the "character, amount, or legal status of any debt," and (2) using "any false

representation or deceptive means to collect or attempt to collect any debt." §§ 1692e(2)(A)

1692e (10). Furthermore, the FDCPA demands that debt collectors refrain from using "unfair or

unconscionable means to collect or attempt to collect any debt," including the "collection of any

amount (including any interest, fee, charge, or expense incidental to the principal obligation)

unless such amount is expressly authorized by the agreement creating the debt or permitted by

law." § 1692f (1). *Agueros v. Hudson*, No. 04-09-00449-CV, at *1 (Tex. App. Aug. 31, 2010)

24.                    **NO CREDITOR-DEBTOR RELATIONSHIP**

a.      *Central National Bank of San Angelo v. Cox, Tex.Civ.App.,*96 S.W.2d 746, 748, 'The

cases are legion on what constitutes an account stated. In general, the essential elements involved

are, transactions between the parties which give rise to an indebtedness of one to the other; an

agreement, express or implied, between them fixing the amount due; and a promise, express or

implied, by the one to be charged, to pay such indebtedness. 1 Tex.Jur. p. 371 et seq.; 1 C.J. 678;

1 Am.Jur. 272; 1 C.J.S., Account Stated, s 1, p. 693'; the Rule expressly refers to claims for

personal service rendered. *Glasco v. Frazer*, 225 S.W.2d 633, 635 (Tex. Civ. App. 1949)

b.      "An agreement is essential to a cause of action for debt." *Dallas County Cmty. College

Dist. v. Bolton*, 89 S.W.3d 707, 722 (Tex. App.-Dallas 2002, pet. granted)." *Hewlett-Packard v.

Benchmark*, 142 S.W.3d 554, 565 n.6 (Tex. App. 2004)

c.      "The supreme court emphasized that indebtedness to a judgment debtor depends on some form of deposit agreement creating a debtor-creditor relationship." *Art & Frame Direct, Inc. v. Dall. Mkt. Ctr. Operating, L.P.*, 380 S.W.3d 325, 329 (Tex. App. 2012)

d.      The common-law cause of action for an account stated has historically been asserted in two situations. Corbin on Contracts § 72.1(1) 450 (2005). The first occurs when parties have an ongoing business relationship with a series of transactions back and forth as part of an open running account. *Id.* The parties eventually confer and agree on the balance due to one party or the other. *Id.* The second occurs when two parties owe each other liquidated debts created by separate, independently enforceable transactions and the parties strike a balance between them. *Id.* at 435. Texas courts have held that the cause of action consists of three elements: (1) transactions between the parties gave rise to an indebtedness of one party to the other; (2) an express or implied agreement between the parties fixes an amount due; and (3) the party to be charged makes an express or implied promise to pay the indebtedness. *Busch v. Hudson & Keyse, LLC*, 312 S.W.3d 294, 299 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (citing *Dulong v. Citibank (S.D.), N.A.*, 261 S.W.3d 890, 893 (Tex. App.—Dallas 2008, no pet.)). *Advanced Gas & Equip., Inc. v. Airgas USA, LLC*, No. 14-16-00464-CV, at *6-7 (Tex. App. Aug. 10, 2017)

e.      The legal argument justified that the plaintiff does not have any creditor-debtor relationship with the defendants. The defendants committed the misrepresentation and filed a misleading and fabricated debt claim. The court should take an immediate action and compensate the Plaintiff.

## VI. GROUNDS FOR RELIEF

## COUNT I – EQUIFAX'S VIOLATION OF THE FCRA

### 15 U.S.C. § 1681e(b)

25.     The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

26.     Equifax violated 15 U.S.C. § 168le(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

27.     The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

28.     Equifax knew or should have known Plaintiff's consumer report contained a false entry and were inaccurate, but Equifax continued to prepare a patently false consumer report concerning Plaintiff.

29.     Despite actual and implied knowledge that Plaintiff's consumer credit file was and is not accurate, Equifax readily provided false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiff's creditworthiness in which Plaintiff was denied credit as a result of the inaccurate credit reporting.

30.     After Equifax knew or should have known the legal standing of Gemini Direct LLC dba Credit Innovation Group to conduct business in the capacity it alleged.

31.     As a result of Equifax's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss

of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

32.     Equifax's conduct, action, and inaction, were willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 168ln. In addition, such conduct, action, and inaction, were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

## COUNT II – EQUIFAX'S VIOLATION OF THE FCRA

### (15 U.S.C. §1681i)

33.     The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

34.     Equifax violated 1681i by failing to update inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file and relying upon verification from a source it has reason to know is unreliable.

35.     As a result of Equifax's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

36.     Equifax's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

## COUNT III – EXPERIAN'S VIOLATION OF THE FCRA

### (15 U.S.C. § 1681e(b)

37.    The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

38.    Experian violated 15 U.S.C. § 168le(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

39.    The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

40.    Despite actual and implied knowledge that Plaintiff's credit report was and is not accurate, Experian readily provided false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiff's creditworthiness.

41.    Experian knew or should have known the legal standing of Gemini Direct LLC dba Credit Innovation Group to conduct business in the capacity it alleged.

42.     As a result of Experian's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

43.    Experian's conduct, action, and inaction, were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction, were negligent, entitling the Plaintiff to

recover under 15 U.S.C. § 1681o.

44.    Experian is reporting the alleged creditor as Credit Innovations, which is inaccurate and incomplete as well as reporting the address of the debt collector Southwest Recovery Service as 17311 Dallas Parkway Ste 23 Dallas, Texas 75248 when in fact, that is not the address of the debt collector.

## COUNT IV – EXPERIAN'S VIOLATION OF THE FCRA

## (15 U.S.C. §1681i)

45.    The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

46.    Experian violated 15 U.S.C. § 168li on multiple occasions by failing to update or delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to the furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

47.    As a result of Experian's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

48.    Experian's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

## COUNT VII – GEMINI DIRECT LLC dba CREDIT INNOVATION GROUP
## VIOLATION OF THE FCRA (15 U.S.C. §1681s-2(b)

49.     Defendant Gemini Direct, LLC dba Credit Innovation Group violated 15 U.S.C. §
1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's
dispute(s) from one or more consumer reporting agencies, and/or failing to appropriately report
the results of their investigations, and/or failing to appropriately modify the information.

50.     Gemini Direct, LLC dba Credit Innovation Group further violated 15 U.S.C. § 1681s-
2(b) by continuing to report Credit Innovation Group representation within Plaintiff's credit file
with the CRA Defendants without also including a notation that this debt was disputed, failed to
fully and properly investigate Plaintiff's dispute, by failing to accurately respond to the CRA
Defendants, failing to correctly report results of an accurate investigation to every other
consumer reporting agency, and failing to correct permanently and lawfully its own internal
records to prevent the re-reporting of the Gemini Direct, LLC dba Credit Innovation Group
representations to the consumer reporting agencies.

51.     As a result of Gemini Direct, LLC dba Credit Innovation Group conduct, action, and
inaction, the Plaintiff suffered damages, including, but not limited to, loss in an ability to finance
goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the
mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

52.     Gemini Direct, LLC dba Credit Innovation Group conduct, action, and inaction, were willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

## COUNT VIII – SOUTHWEST RECOVERY SERVICE VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e(2)(A)

53.     Plaintiff repeats and re-alleges each and every factual allegation contained above.

54.     Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt as the debt does not belong to Plaintiff. Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IX- SOUTHWEST RECOVERY SERVICE VIOLATIONS OF THE FAIR
## DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e (5)

55.     Plaintiff repeats and re-alleges each and every factual allegation contained above.

56.     Defendant violated 15 U.S.C. § 1692e(5) by threatening and taking an action that cannot

legally be taken be taken, including filing a legal action against

Plaintiff in Small Claims Court. Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount

of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the

law;

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT X- SOUTHWEST RECOVERY SERVICE VIOLATIONS
## OF 15 U.S.C. § 1692e (10)

57. Plaintiff repeats and re-alleges each and every factual allegation contained above.

58. Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive

practices in connection with the collection of an alleged debt.

Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e (10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount

of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XI- SOUTHWEST RECOVERY SERVICE VIOLATIONS
## OF 15 U.S.C. § 1692e (10)

59.     Plaintiff repeats and realleges paragraphs 1 through 46 as though full set forth herein.

60.     Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

61.     Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

62.     Defendant identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

63.     The subject consumer debt is a "debt" as defined by FDCPA §1692a (5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes

a. Violations of the FDCPA, §1692c(a)(1) and §1692d

64.     The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

65.     The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any

debt."

66.     In addition, this section enumerates specific violations, such as:

"The use of any false representation or deceptive means to collect or attempt to

collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

67.     Defendant violated §1692e and e (10) when it used false and deceptive means to collect

or attempt to collect the subject consumer debt. Defendant deceptively failed to provide Plaintiff

with an itemization of the subject consumer debt.


## COUNT XII- SOUTHWEST RECOVERY SERVICE VIOLATIONS
## OF 15 U.S.C. § 1692f

68.     The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair

or unconscionable means to collect or attempt to collect any debt because the alleged debt was

not authorized by the agreement creating the debt or permitted by law. Plaintiff entered in to no

agreement with the alleged creditor or debt collector.


## COUNT XIII– STEVEN F URVAN VIOLATIONS

69.     Plaintiff repeats and realleges paragraphs 1 through 46 as though full set forth herein.

70.     Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a (3) of the FDCPA.

71.     Defendant Steven F Urvan is operating a business within the state of Texas without the

authorization to do and as a result, I have been severely damaged and request that the court

provide injunctive relief so that Steven F. Urvan abstain from his illegal action.

### COUNT XIV – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

72.     Plaintiff restates and realleges paragraphs 1 through 66 as though fully set forth herein.

73.     Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

74.     Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

75.     The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### PRAYER FOR RELIEF

1. WHEREFORE, Plaintiff prays for judgment in the amount of $75,000 against each defendant as follows:

a. For preliminary and permanent injunctive relief to stop Defendants from engaging in the conduct described above;

b. Award statutory and actual damages pursuant to 15 U.S.C. § 1681 and 15 U.S. Code § 1679g

c. Award punitive damages in order to deter further unlawful conduct pursuant to

15 U.S.C. § 1681n and 15 U.S. Code § 1679g

d. Award fees and costs of suit incurred herein

e. For determination by the Court that Defendant's policies and practices are unlawful and in willful violation of 15 U.S.C. § 1681n, *et seq.*; and

f. For determination by the Court that Defendant's policies and practices are unlawful and in negligent violation of 15 U.S.C. § 1681o.

Respectfully submitted,
/s/ Kimberly Johnson
1079 W. Round Grove #300-148
Lewisville, Texas 75067
kimdjohnson2016@gmail.com
Telephone: 469-847-6253

State of Texas
County of Denton

SUBSCRIBED AND SWORN TO BEFORE
ME, on the 1st day of February 2022.

_____
NOTARY PUBLIC

QUINCY BLAKELY
Notary Public, State of Texas
Comm. Expires 06-30-2025
Notary ID 133185444

Kimberly Johnson

# EXHIBIT A

**◦experian.**

**Collection accounts**

| | |
|---|---|
| ⊛**SOUTHWEST RECOVERY SER** | **$5,174** |
| Original creditor: **CREDIT INNOVATIONS** | Balance updated **Dec 01, 2021** |

### ⌕ Account info

| | | | |
|---|---|---|---|
| Account name | **SOUTHWEST RECOVERY SER** | Balance | **$5,174** |
| Account number | **214793XXXX** | Balance updated | **Dec 01, 2021** |
| Original creditor | **CREDIT INNOVATIONS** | Original balance | **$5,174** |
| Company sold | - | Paid off | **0%** |
| Account type | **Collection** | Monthly payment | - |
| Date opened | **Jul 07, 2020** | Past due amount | - |
| Account status | - | Terms | **1 Month** |
| Payment status | **Seriously past due date / assigned to attorney, collection agency, or credit grantor's internal collection department** | Responsibility | **Individual** |
| | | Your statement | - |
| Status updated | **Jul 2020** | | |

### ⌕ Contact info

| | |
|---|---|
| Address | **17311 DALLAS PKWY STE 23 DALLAS, TX 75248** |
| Phone number | **(214) 387-8068** |

### ⌕ Comments

-

# EXHIBIT B

*my*Equifax                                              Kimberly Johnson    🔔 0

**FILE A DISPUTE**

**SOUTHWEST RECOVERY SERVICES**

CREDIT INNOVATIONS

Report date: December 15, 2021

‹ Back

## Account summary

**Account owner**
Individual Account

**Date reported**
12/15/2021

**Account status**
Unpaid

**Creditor Classification**
Personal Services

**Original amount owed**
$5,174

**Date of last payment**

**Balance owed**
$5,174

**Original creditor**
CREDIT INNOVATIONS

**Date assigned**
07/07/2020

**Agency**
SOUTHWEST RECOVERY SERVICES

**Status date**
12/15/2021

**Balance date**
12/15/2021

**Date of first delinquency**

**Comments**
None

**Agency contact information**

SOUTHWEST RECOVERY SERVICES
15400 KNOLL TRAIL
DALLAS, TX 75248

ℹ Can I contact an agency directly?

**Disputes**

If you find information in your credit report that you believe is incomplete or inaccurate, click FILE A DISPUTE.



**EFX**

Copyright 2021 Equifax Inc. All rights reserved.

Equifax and the Equifax marks used herein are trademarks of Equifax Inc. Other
product and company names mentioned herein are the property of their
respective owners.

Privacy Policy
Terms of Use  |  Ad Choices

# EXHIBIT C

**State of Utah**
DEPARTMENT OF COMMERCE
Division of Corporations & Commercial Code

File Number: 10864743

# Business Name Registration / DBA Application

Requested Business Name: **CREDIT INNOVATION GROUP**
Entity Number: 10864743
Application Date: 06/06/2018
Approved Date: 06/07/2018
Expiration Date: 06/06/2021
Filer Electronic Signature: Don Timpson

Business Information
Purpose: Activities Related to Credit Intermediation
Address: 12162 So Business Park Dr, #112
   Draper, UT 84020
Female Owned: No
Minority Owned: No

Registered Agent
Name: Dan Thompson
Type: Regular
Address: 948 WEST DOVER WAY
   St George, UT 84770

Applicant / Owner(s):
Name: GEMINI DIRECT , LLC
Entity Number: 9115463-0160
Address: 12162 So Business Park Dr, #112
   Draper, UT 84020

State of Utah
Department of Commerce
Division of Corporations & Commercial Code

This certifies that this registration has been filed
and approved on 07, June 2018 in the office of the
Division and hereby issues this Certification thereof.

*Kathy Berg*

KATHY BERG
Division Director

Under GRAMA {63-2-201}, all registration information maintained by the Division is classified as public record. For confidentiality purposes, the business entity physical address may be provided rather than the residential or private address of any individual affiliated with the entity.

# EXHIBIT D

Case 3:22-cv-00242-X-BH    Document 3    Filed 02/02/22    Page 32 of 38    PageID 36



# Franchise Tax Account Status
### As of : 01/31/2022 11:21:24

This page is valid for most business transactions but is not sufficient for filings with the Secretary of State

### SOUTHWEST RECOVERY SERVICES, LLC

| | |
|---|---|
| **Texas Taxpayer Number** | 11419170987 |
| **Mailing Address** | 16200 ADDISON RD STE 260 ADDISON, TX 75001-5423 |
| **❷ Right to Transact Business in Texas** | ACTIVE |
| **State of Formation** | TX |
| **Effective SOS Registration Date** | 06/17/2020 |
| **Texas SOS File Number** | 0803657700 |
| **Registered Agent Name** | STEVEN DIETZ |
| **Registered Office Street Address** | 16200 ADDISON ROAD, SUITE 260 ADDISON, TX 75001 |

# EXHIBIT E

**Form 205**
**(Revised 05/11)**

Submit in duplicate to:
Secretary of State
P.O. Box 13697
Austin, TX 78711-3697
512 463-5555
FAX: 512 463-5709
Filing Fee: $300



**Certificate of Formation**
**Limited Liability Company**

This space reserved for office use.

F I L E D
In the Office of the
Secretary of State of Texas

JUN 16 2020

Corporations Section

### Article 1 – Entity Name and Type

The filing entity being formed is a limited liability company. The name of the entity is:

Southwest Recovery Services, LLC

The name must contain the words "limited liability company," "limited company," or an abbreviation of one of these phrases.

### Article 2 – Registered Agent and Registered Office
(See instructions. Select and complete either A or B and complete C.)

☐ A. The initial registered agent is an organization (cannot be entity named above) by the name of:

OR

☑ B. The initial registered agent is an individual resident of the state whose name is set forth below:

| Steven | | Dietz | |
|---|---|---|---|
| *First Name* | *M.I.* | *Last Name* | *Suffix* |

C. The business address of the registered agent and the registered office address is:

| 16200 Addison Road, Suite 260 | Addison | TX | 75001 |
|---|---|---|---|
| *Street Address* | *City* | *State* | *Zip Code* |

### Article 3 – Governing Authority
(Select and complete either A or B and provide the name and address of each governing person.)

☑ A. The limited liability company will have managers. The name and address of each initial manager are set forth below.

☐ B. The limited liability company will not have managers. The company will be governed by its members, and the name and address of each initial member are set forth below.

| GOVERNING PERSON 1 | | | | | |
|---|---|---|---|---|---|
| NAME (Enter the name of either an individual or an organization, but not both.) | | | | | |
| IF INDIVIDUAL | | | | | |
| Steven | | Dietz | | | |
| *First Name* | *M.I.* | *Last Name* | | | *Suffix* |
| OR | | | | | |
| IF ORGANIZATION | | | | | |
| | | | | | |
| *Organization Name* | | | | | |
| ADDRESS | | | | | |
| 16200 Addison Road, Suite 260 | | Addison | TX | USA | 75001 |
| *Street or Mailing Address* | | *City* | *State* | *Country* | *Zip Code* |

Form 205                      4

# EXHIBIT F

## CREDIT INNOVATION GROUP

**Entity Number:** 10864743-0151
**Company Type:** DBA
**Address:** 625 N STATE ST UNIT #2 Hildale, UT 84784
**State of Origin:**
**Registered Agent:** Dan Thompson
**Registered Agent Address:**
948 WEST DOVER WAY
St George, UT 84770

View Management Team

Status: Expired

**Status:** Expired ⬤ *as of 07/29/2021*
**Status Description:** Failure to File Renewal
**Employment Verification:** Not Registered with Verify Utah

History

View Filed Documents

**Registration Date:** 06/06/2018
**Last Renewed:** N/A

Additional Information

**NAICS Code:** 5223 **NAICS Title:** 5223-Activities Related to Credit Interm

<< Back to Search Results

**Business Name:**

# EXHIBIT G

 Gmail

**K Johnson <kimdjohnson2016@gmail.com>**

## Important Information
1 message

**Experian** <info@e.ncac.experian.com>
To: KIMBERLY DENISEJOHNSON <kimdjohnson2016@gmail.com>

Wed, Dec 29, 2021 at 2:26 PM

    

KIMBERLY DENISE JOHNSON,

To view your rights, visit www.experian.com/fraudrights and www.experian.com/fcra.

Pursuant to Section 605B(c)(1) and Section 611(a)(3)(A) of the Fair Credit Reporting Act, we will not be re-investigating your dispute again at this time. We had previously blocked this information from reporting based on an identity theft report you provided to us. The credit grantor subsequently certified its accuracy and we rescinded the block, as described in the notice we previously sent you. Based on information provided by the credit grantor and their certification to us, it has been determined either:

- The request to block information was based on a material misrepresentation
- You have agreed in writing that the information was blocked in error
- You knowingly obtained or should have known that you obtained possession of goods, services, or moneys as a result of the blocked transaction or transactions.

If you still believe the item is the result of identity theft, you may provide us a dispute statement of up to 100 words for us to include in your credit report.

According to the Fair Credit Reporting Act, our role in the dispute process is to review the accuracy and completeness of any disputed item which may include contacting the furnisher of the information or the vendor that collected the information from a public record source, and notifying them of the dispute and disclosing all relevant information regarding your dispute. When we contact the furnisher or vendor, we ask that they verify all of the information regarding the item you disputed and report back within 30 days of the date that we received your request (21 days for Maine residents). To help resolve the dispute, we will review all relevant documents submitted with the dispute and will forward them to the furnisher if we are unable to resolve the issue.

We review and consider the furnisher's or vendor's response to determine whether to accept it, reject it, or follow up for additional information. If, after processing, we find that the disputed information is inaccurate, incomplete or cannot be verified, we then delete or modify that information, as appropriate. If we do not receive a response from the furnisher or the vendor within the required period, we update the item as you have requested or delete the information, and send you the results.

In some instances we are able to determine whether the disputed information should be changed or deleted without having to contact the furnisher or the vendor. After we complete our processing, we send you the results. If you question the results of our dispute process, you may also contact the furnisher of information directly. Please refer to your credit report for the furnisher or public records office name, address, and phone number (if available). For more details, please visit Experian.com/disputeprocess.

Connect with your credit day or night for FREE. **View your Free Experian® Credit Report anytime. Refreshed every 30 days upon log in. No credit card required.** Start Here!

PLEASE DO NOT REPLY TO THIS MESSAGE
This notice is systemically generated, and we cannot receive responses.