## IN THE DISTRICT COURT OF THE UNITED STATES

## FOR THE NORTHERN DISTRICT OF TEXAS

### DALLAS DIVISION

| | | |
|---|---|---|
| **KIMBERLY JOHNSON,** | § | |
| **Plaintiff,** | § | **Case No. 3-22CV0242-X** |
| **vs.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **SOUTHWEST RECOVERY SERVICES, et. al.,** | § | |
| **Defendants.** | § | |

### AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff, Kimberly Johnson ("Plaintiff"), files this complaint against Defendants, Equifax

Information Services LLC, Experian Information Solutions Inc, Innovative Ranking Services Inc

d/b/a CreditRepairUSA.US, Southwest Recovery Services, Scott Been, Steven Dietz and

Raymond Davidson jointly, severally, and in solido, state as follows:

### I. INTRODUCTION

1.      Two of the Defendants are a consumer reporting agency, ("CRAs") as defined by

15 U.S.C. § 1681a(f), one Defendant, Innovative Ranking Services Inc doing business as Credit

Innovations and CreditRepairUSA.US is Credit Repair Organization within the meaning of

§1679 (a) 3 and a Credit Service Organizations as defined by Texas Finance Code Sec. 393.001

and Southwest Recovery Service is a debt collector as defined in 15 U.S. Code § 1692a (6) All

Defendants have violated 15 U.S.C. § 1681 *et seq.*, known as the Fair Credit Reporting Act (the

"FCRA") and Fair Debt Collection Practice Act ("FDCPA") and the remaining three defendants

are individuals.

2.      Plaintiffs seek to recover from Defendants actual, statutory, punitive damages,

equitable and injunctive relief pursuant to 15 U.S.C.§ 1681, *et seq*. ("Fair Credit Reporting Act"

or "FCRA"), 15 U.S. Code § 1692 et. seq. ('Fair Debt Collection Practice Act or "FDCPA"),

TEX. 15 U.S. Code § 1679 (Credit Repair Organizations), BUS. COM. CODE, Texas Finance

Code, Texas Debt Collection Act (TDCA) and Texas Business Organization Code (TBOC).

Deceptive Trade Practices ("DTPA")


## II. PARTIES

3.       Plaintiff, Kimberly Johnson, is a natural person living in Dallas County, state of Texas,

is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c)**,** and is a victim of false credit

reporting and identity theft.


4.      Upon information and belief, Defendant Equifax Information Services LLC, which

may also hereinafter be referred to as "Equifax," "Defendant," "Defendants," "CRA," "CRA

Defendant," or "CRA Defendants" is a Georgia limited liability company that does substantial

business in this judicial district and may be served by delivering a summons to its registered

agent, Corporation Service Company, 2 Sun Court Suite 400, Peachtree Corners Georgia 30092

with its principal address being,1550 Peachtree Street, Northwest, Atlanta, Georgia 30309.

Equifax is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f).

Equifax regularly engages in the business of assembling, evaluating, and disbursing information

concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C.

§1681a(f) to third parties. Equifax disburses such consumer reports to third parties of contract

for monetary compensation.

5.      Upon information and belief, Defendant Southwest Recovery Services, is a Texas limited liability company that does substantial business in this judicial district and may be served by delivering a summons to its registered agent Steven Dietz, address 16200 Addison Road Suite 260 Addison, Texas 75001. Southwest Recovery Services regularly engages in the business of debt collection as defined by 15 U.S. Code § 1692a (6).

6.      Upon information and belief, Scott Been is an individual who resides Katy, Texas and Director/President/Owner of Innovative Ranking Services Inc. doing business as CreditRepairUSA.US and is being sued in his individual capacity and can be served at 4522 Greenwood Trace Ln Katy, Texas 77494; 27506 Grayson Gap Court Fulshear, Texas 77441, or wherever he may be found.

7.      Upon information and belief, Innovative Ranking Services Inc, a corporation, doing business as CreditRepairUSA.US is a credit service organization as defined by Texas Finance Code Sec. 393.001 and a Credit Repair Organization as defined by 15 U.S. Code § 1679a, that does business in this judicial district and may be served by delivering a summons to its registered agent, Scott Been at 4522 Greenwood Trace Ln Katy, TX 77494; 27506 Grayson Gap Court Fulshear, Texas 77441; 27131 Cinco Ranch Blvd #600-307 Katy, Texas 77494 or wherever found.

8.      Experian Information Solutions, Inc., which may also hereinafter be referred to as "Experian", "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants," does business in this judicial district and is an Ohio corporation with its principal place of business located at 475 Anton Blvd Costa Mesa, California 92626-7037. Experian is a

CRA as defined by 15 U.S.C. § 1681a(f). Experian regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined by 15 U.S.C.§ 1681a(f) to third parties. Experian disburses such consumer reports to third parties of contract for monetary compensation.

9.      Upon information and belief, Raymond Davidson, agent for Southwest Recovery Services, is an individual who resides within this judicial district and may be served at his place of employment, Southwest Recovery Services, located at 16200 Addison Road Suite 260 Addison, Texas or anywhere he may be found.

10.      Upon information and belief, Steve Dietz, owner of Southwest Recovery Services, is an individual who resides within this judicial district and may be served at his place of employment, Southwest Recovery Services, located at 16200 Addison Road Suite 260 Addison, Texas, or anywhere he may be found.

11.      As used herein, "consumer reporting agency," or "CRA," means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports and is an entity in the business of collecting, maintaining and disseminating information regarding the credit worthiness of individuals. CRAs specifically include but are not limited to Equifax and Experian.

### III. JURISDICTION AND VENUE

12.     Plaintiff respectfully asserts that this Honorable Court has jurisdiction in this case arising under federal law. 28 U.S.C. § 1331, and 1367 and 15 U.S.C. § 1681 and 15 U.S.C. § 1692. Plaintiff also asserts actions under states' laws which may be brought within the supplemental jurisdiction of this Court and Plaintiff respectfully requests that this Honorable Court exercise supplemental jurisdiction over said claims pursuant to 28 U.S.C. § 1367.

13.     Venue is proper in this district, because CRA Defendants, Southwest Recovery Services and Innovative Ranking Services Inc d/b/a CreditRepairUSA.US transact business in this district. Southwest Recovery Services headquarters are in this judicial district, a substantial part of the conduct complained of occurred in this district, and various actions made basis of Plaintiffs' claims against Defendants occurred in the Northern District of Texas as further described.

14.     Venue is further proper in this District, because CRA Defendants entered into agreements with Innovative Ranking Services Inc d/b/a CreditRepairUSA.US and Southwest Recovery Service in this judicial district to receive and report credit reporting data concerning Plaintiff. Southwest Recovery Services managed Plaintiff's alleged debt from this judicial district.

### IV. FACTUAL ALLEGATIONS

15.     The Plaintiff, Kimberly Johnson incurred a financial obligation (the "Debt") to a creditor (the "Creditor"). The debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C §1692a (5), namely, credit repair.

16.    The debt was purchased, assigned, or transferred to Southwest Recovery Services for collection, or Southwest Recovery Services by the Creditor to collect the Debt.

17.    The Defendant, Southwest Recovery Services attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C § 1692 a (2).

18.    After applying for an extension of credit and then being declined, Plaintiff obtained a copy of the consumer credit report and noticed a debt in the amount of $5,174, appeared in the consumer credit file with Credit Innovations named as the creditor. The consumer reporting agency reporting the alleged debt is 'Equifax Information Services LLC, ("Equifax"), Experian Information Solutions, ("Experian"). **Exhibit A-** (Experian Credit Report) and **Exhibit B-** (Equifax Credit Report).

19.    On January 4, 2022, Plaintiff notified Defendant Southwest Recovery Services that the debt was disputed via certified mail number 70202450000044641960 **Exhibit C-** (Certified Mailing) and within 5 days, Southwest Recovery Services failed to comply with 15 U.S. Code §1692g by never sending any written notice at all, in which it was required to do so, therefore in violation of 15 U.S. Code §1692g, Fosen v. Weinstein & Riley, P.S., No. 4:12cv662, at *4 (E.D. Tex. Aug. 14, 2013).

20.    The FDCPA requires that a debt collector attempting to collect a debt must, within five days after its initial communication, send the consumer a written notice containing, among other things, "the name of the creditor to whom the debt is owed," unless it provided that information in the initial communication. 15 U.S.C. § 1692g(a)(2). "A debt collector violates the [FDCPA] if it fails to convey the information required by the [FDCPA]." DeSantis v. Comput. Credit, Inc.,

269 F.3d 8 159, 161 (2d Cir. 2001). "Even if a debt collector conveys the required information, the collector nonetheless violates [Section 1692g] if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." Id. A collection letter is misleading if the "least sophisticated consumer – one not having the astuteness of a Philadelphia lawyer or even the sophistication of the average, everyday, common consumer," Taylor v. Fin. Recovery Servs., Inc., 886 F.3d 212, 214 (2d Cir. 2018) (internal quotation marks omitted) – is left "uncertain as to the meaning of the message," DeSantis, 269 F.3d at 161 (internal quotation marks and citation omitted).

21.     Had Southwest Recovery Services complied with 15 U.S. Code § 1692g, then the initial complaint in this action filed 2-2-2022 would have named the correct defendant Innovative Ranking Services Inc d/b/a CreditRepairUSA.US and not Credit Innovation Group. Because of their failure to comply, Plaintiff named the incorrect defendants and must now spend time and expense serving the actual parties of interest, which is Innovative Ranking Services Inc d/b/a CreditRepairUSA.US and not Credit Innovation Group. See Wallace v. Washington Mut. Bank, F.A., 683 F.3d 323, 327 (6th Cir. 2012) ("District courts have decided, and we agree, that a false representation of the creditor's name may constitute a false representation . . . under Section 1692e" because failing to accurately identify the creditor may "cause confusion and delay in trying to contact the proper party. . . Heathman v. Portfolio Recovery Assocs., LLC, Case No. 12-CV-515-IEG (RBB), 6-7 (S.D. Cal. Jul. 13, 2013).

22.     Plaintiff was only provided an alleged validation of debt via email on February 8, 2022, **Exhibit D**-(Email from Raymond @ Southwest Recovery) more than 30 days after the request for validation was sent. Southwest Recovery Services only provided what is alleged to be the validation of debt after being served with the summons in this civil action on February 7, 2022.

The alleged validation of debt included a copy of Plaintiff's personal identifying information, which was Plaintiff's driver's license, social security card, full credit card details, address, date of birth and email address, together in a singular email. **Exhibit E-** (Validation of Debt), in which Plaintiff has masked personal identifying information before filing this amended complaint.

23.     For reference, Plaintiff has provided a copy of the agreements entered with Plaintiff, Kimberly Johnson and Innovative Ranking Services Inc d/b/a CreditRepairUSA.US, **Exhibit F-** (Independent Agent Agreement) and **Exhibit G-** (Consumer Agreement), of which, both contracts were cancelled July 5, 2020, within 1 day of signing the agreement. **Exhibit H-** (Cancellation email and Voided Contract)

24.     Plaintiff did not give consent to Innovative Ranking Services Inc d/b/a CreditRepairUSA.US to transmit Plaintiff's driver's license, social security card, address and full credit card account number to Southwest Recovery Services. As a result, Raymond Davidson, an agent of Southwest Recovery Services sent Plaintiff's personal identifying information via the unsecured world wide web. Texas Identity Theft Enforcement and Protection Act requires businesses to take reasonable steps to protect "sensitive personal information" collected or maintained by the business in the regular course. After my sensitive information was transmitted, I received an alert from Experian that my sensitive information was compromised and was found on the dark web. **Exhibit I-** (Experian email alert).

25.     By transmitting Plaintiff's combined personal identifying information, defendants violated Sec. TEX. BUS. COM. CODE § 521.051 as I did not give consent for the defendant Southwest Recovery Services to obtain, possess, transfer, or use personal identifying

information. Plaintiff did not give consent for the defendant Innovative Ranking Services d/b/a CreditRepairUSA.US to transfer and use personal identifying information. Both Southwest Recovery Services and Innovative Ranking Services d/b/a CreditRepairUSA.US used Plaintiff's sensitive information for value as they both profited from Plaintiff.  Sensitive personal information is generally an individual's name combined with any one or more of the following: social security number, driver's license number or government-issued identification number, or account, credit card or debit card number. Id. § 521.002(a)(2). Texas Comptroller v. Attorney General of Texas, No. 08-0172, at *12 (Tex. Dec. 3, 2010)

26.     Upon receipt of the documents from Southwest Recovery Services on February 8, 2022, **Exhibit E.** Plaintiff was able to determine that the name Credit Innovations appearing on Plaintiff's consumer credit file was false and misleading, a violation of violation of 15 U.S. Code § 1692e as Credit Innovations, the alleged creditor is not a business registered in this state. See https://mycpa.cpa.state.tx.us/coa/ **Exhibit J** (Taxable Entity Search)


27.     The legal name of the alleged creditor is Innovative Ranking Services Inc d/b/a CreditRepairUSA.US, **Exhibit K**, and the agreement was between Kimberly Johnson and CreditRepairUSA.US, never Credit Innovations, which was communicated to the consumer reporting agencies. Communication is 'false, deceptive, or misleading' under [Section] 1692e 'is determined from the perspective of the objective least sophisticated consumer.'" Cohen v. Rosicki, Rosicki & Assocs., P.C.,897 F.3d 75, 85 (2d Cir. 2018) (quoting Easterling v. Collecto, Inc., 692 F.3d 229, 233(2d Cir. 2012).

28.    The mere fact that Credit Innovations may have participated in the transaction, unknown to the Plaintiff, with Innovative Ranking Services d/b/a CreditRepairUSA.US does not necessarily convert Credit Innovations into a creditor, and certainly not into the creditor to whom the debt is owed. Bryan v. Credit Control, LLC, No. 19-244 (2d Cir. 2020).

29.    The agreement with the Plaintiff makes it clear that Credit Innovations was not a creditor under the FDCPA at all. Thus, since the collection being reported by defendant Southwest Recovery Services to the consumer reporting agencies did name Credit Innovations as the creditor, defendant Southwest Recovery Services did not comply with Section 1692g.

30.    Defendants Scott Been individually and Innovative Ranking Services d/b/a Credit CreditRepairUSA.US knew that the consumer credit contract entered into between Kimberly Johnson and CreditRepairUSA.US on July 4, 2020, cancelled on July 5, 2020, within the 3-day cancellation period pursuant to 15 U.S. Code § 1679c. **Exhibit H**.

31.    Any consumer may cancel any contract with any credit repair organization without penalty or obligation by notifying the credit repair organization of the consumer's intention to do so, at any time before midnight of the 3rd business day which begins after the date on which the contract or agreement between the consumer and the credit repair organization is executed or would, but for this subsection, become enforceable against the parties. Carrington v. Experian Holdings, 469 F. Supp. 3d 891, 901 (W.D. Wis. 2020)

32.    Upon information and belief, Defendant Innovative Ranking Services d/b/a CreditRepairUSA.US, Scott Been and Southwest Recovery Services knew based on material facts (the "agreement") that one of the alleged obligations turned over to the debt

collector was not the transaction in which the money, property, insurance, or services which are primarily for personal, family, or household as defined by 15 U.S. Code § 1692a (5), **Exhibit F** states that this was a business agreement as Plaintiff as an Independent agent, nevertheless, both agreements cancelled **Exhibit H** and there should have been no debt sent to Southwest Recovery Services for collection. "Section 392.304(a)(8) prohibits debt collectors from using a "fraudulent, deceptive, or misleading representation" by "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding." TEX. FIN. CODE § 392.304 (a)(8)." Fosen v. Weinstein & Riley, P.S., No. 4:12cv662, at *10 n.3 (E.D. Tex. Aug. 14, 2013)

33.    Upon information and belief, Innovative Ranking Services Inc d/b/a CreditRepairUSA.US and Southwest Recovery Services acted in concert by provided false and misleading information as to who the alleged creditor was when the contract clearly says CreditRepairUSA.US, because CreditRepairUSA.US right to conduct business as a Credit Service Organization within the state of Texas, file number: 20180142 expired 10/23/2019, thereby making the contract entered into July 2020, void at its inception. **Exhibit L**

34.    Plaintiff was able to determine that CreditRepairUSA.US, abandoned its name in which to conduct business in this State 12-14-2020, but pursued collection activities in that name, when in fact, it ceased to conduct business or render professional services in this state under the assumed name stated in the certificate pursuant to Texas pursuant to BUS & COM § 71.153. Code requires each party doing business under an assumed name to file an assumed named certificate in the county where he is doing business. TEX.BUS. COM.CODE ANN. § 36.10(a) (Vernon 1987). The Code provides that if a party fails to file an assumed name certificate, he cannot maintain a suit in a Texas court under that name. TEX.BUS. COM.CODE ANN. § 36.25

(Vernon 1987). Lighthouse Church of Cloverleaf v. Texas Bank, 889 S.W.2d 595, 600 (Tex. App. 1994). Additionally, Credit Innovations

35.      Innovative Ranking Services d/b/a CreditRepairUSA.US is a corporation that "regularly conducts business or renders professional services in this state under an assumed name", therefore it must file an assumed name certificate. TEX. BUS. & COM. CODE ANN. §71.101. Unless an assumed name certificate is on file, a corporation is prohibited from maintaining an action or proceeding arising out of a contract in which an assumed name was used. Id. at §71.201(a). Dibon Solutions, Inc. v. Martinair Holland N.V., No. 05-11-01586-CV, at *7 (Tex. App. Dec. 18, 2013). Schlein v. Griffin, No. 01-14-00799-CV, at *15 (Tex. App. Apr. 12, 2016)

36.      Innovative Ranking Services Inc d/b/a CreditRepairUSA.US right to conduct business in this state as a credit organization expired 10-23-2019, **Exhibit L**, although it conducted business with the Plaintiff and ultimately the defendants. Sec. 393.306 prohibits a credit service organization from advertising the services of the organization if the organization has not filed a registration statement required by Subchapter B. Lucio v. State, No. 13-15-00349-CV, at *2 (Tex. App. June 29, 2017).

37.      The document received in **Exhibit F** allegedly validating the debt, states that the terms of the agreement were $199 per month for 13 months, with a total of $2587. The agreement in **Exhibit G** states the terms of $99 for 7 months, although the debt amount alleged on Plaintiff's consumer credit file in **Exhibit A** and **Exhibit B** is $5174, more than the amount of the alleged debt, in violation of Texas Finance Code Sec. 392.304 and 15 U.S.C 1692e(2)(A)

38.     Plaintiff was able to determine via the consumer credit report in **Exhibit A** and **Exhibit B**

that there is not "first date of delinquency, thereby the report being incomplete as there is no way

to determine if this alleged debt antedates the consumer credit report by 7 or more years, but in

this case it does not, because the contract that gave rise to the debt was cancelled, therefore no 1st

date of delinquency to report, thereby false and misleading.


39.     In attempting to contact the debt collector, Plaintiff noticed that the contact information

reported by Experian and Equifax in **Exhibit A** and **Exhibit B** are two different addresses,

neither of which is the correct address of the debt collector. 16200 Addison Rd. Ste 260 Addison,

Texas 75001 is the correct address of the debt collector as shown on the debt collectors' website

www.swrecovery.com/locations/ as well as maintained by the Texas Secretary of State

mycpa.cpa.state.tx.us/coa/coaSearchBtn# See **Exhibit M.** The consumer reporting agency is

reporting and maintaining inaccurate and incomplete information.


40.     Upon Plaintiffs' request to Experian for verification regarding the Credit Innovations,

Experian failed to perform any investigation. In the alternative, and in accordance with

Experian's standard procedures, Experian did not evaluate or consider any of

Plaintiffs' information, claims, or evidence. Importantly, Experian failed to maintain procedures

which would ensure that, if any investigation took place, it would provide Plaintiffs with a

response communicating the results. Further, Experian did not make any attempts to substantially

or reasonably verify the Credit Innovations negative entry. In an attempt to have the debt

verified, Experian responded, that they would not be conducting an investigation (**See Exhibit**

**N**) and "Equifax" has failed to respond at all. "If a consumer disputes the accuracy or

completeness of any item contained in his or her consumer report, 15 U.S.C 1681i(a) requires

consumer reporting agencies to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." Deandrade v. TransUnion LLC, 523 F.3d 61, 65 (1st Cir. 2008)

41.     Had the consumer reporting agencies reinvestigated the account reporting on Plaintiff's consumer credit file, the defendant CRAs would have been able to determine the following:

    a.   The balance reported on the contracts in **Exhibit F** shows a total amount of $2587, and **Exhibit G** shoes an amount of $99 x 7 months= $693, totaling $3280 not the amount of $5174, which is false, misleading and inaccurate.

    b.   The furnisher of the alleged debt failed to report the 1st date of delinquency.

    c.   The address of the debt collector is inaccurate.

    d.   The name of the alleged creditor is inaccurate.

42.     To determine whether a consumer has identified a factual inaccuracy on his or her credit report that would activate 1681i's reinvestigation requirement, "[t]he decisive inquiry" is whether the defendant credit bureau could have uncovered the inaccuracy "if it had reasonably reinvestigated the matter. Cushman, 115 F.3d at 226 (citations omitted).  In this case, the defendant consumer reporting agencies would have been able to identify the inaccuracy as Plaintiff, the consumer, was able to discover the aforementioned via public record searches and requesting a validation of the debt from defendant debt collector Southwest Recovery Services. Had the CRA's reinvestigated the alleged debt, the inaccuracy would have been discovered.

43.     The FCRA requires a CRA to conduct a free investigation of a consumer's file if the completeness or accuracy of any item of information contained in a consumer's file is disputed by the consumer." 15 U.S.C § 1681i(a)(1)(A). After a reinvestigation, the CRA "shall provide written notice to a consumer of the result of a reinvestigation. 15 U.S.C § 1681i(a)(6)(A). "As part of, or in addition to, the notice……, a [CRA] shall provide ……a consumer report that is based upon the consumer's file as that file is revised as a result of the investigation…." The FCRA provides a private right of action against CRAs for negligent and willful violations of the duty to conduct a reasonable reinvestigation under § 1681i(a). *See Collins v. Experian Info Solutions, Inc,* 775 F.3d 1330, 1333 (11th Cir 2015) (citing *Safeco Ins. Co of Am. V. Burr,* 551 U.S. 47,53,127, SCt.2201, 167 L.Ed.2d 1045 (2007) *Ricketson v. Experian Info Solutions, Inc.,* 266 F. Supp 3d 1083, 1088 (W.D. Mich. 2017)


## V. ARGUMENTS

NOW comes to the legal argument in the light of above stated statement of facts;


44.     <u>**INNOVATIVE RANKING SERVICES INC d/b/a CREDITREPAIRUSA.US**</u>
<u>**DOING BUSINESS WITHOUT BEING REGISTERED WITH THE**</u>
<u>**TEXAS SECRETARY OF STATE**</u>

Section 393.101, Finance Code, provides that, unless exempt from registration, before conducting business in Texas, a CSO must register with the secretary of state. Innovative Ranking Services Inc d/b/a CreditRepairUSA.US was not registered with the secretary of state when entering in the agreement that gave rise to the alleged debt.

a.    *Lucio v. State*, No. 13-15-00349-CV, at *2 (Tex. App. June 29, 2017) In this case, On February 8, 2011, the State filed its original petition and application for temporary and permanent injunction against Lucio for violations of Chapter 393 of the Texas Finance Code, *see* TEX. FIN. CODE § 393.001—.628 (West, Westlaw through Ch. 34 2017 R. S.), and the Deceptive Trade Practices—Consumer Protection Act, *see* TEX. BUS. & COM. CODE ANN. § 17.41—.63 (West, Westlaw through Ch. 34 2017 R. S.).

b.    The trial court signed an agreed final judgment and permanent injunction. The permanent injunction prohibited Lucio from (1) engaging in business as a credit services organization unless he holds a credit services organization certificate of registration and bond; (2) advertising, offering for sale, selling, or distributing a credit repair service to the public unless he holds a credit services organization certificate of registration; and (3) misrepresenting—either orally or in writing, directly or by implication—any fact material to a consumer's decision to purchase any credit repair service.

c.    Under Texas Business and Commerce Code section 71.051: A person must file a certificate under this subchapter if the person regularly conducts business or renders a professional service in this state under an assumed name other than as a corporation, limited partnership, limited liability partnership, limited liability company or foreign filing entity. Schlein v. Griffin, No. 01-14-00799-CV, at *15 (Tex. App. Apr. 12, 2016)

d.    "The Supreme Court of Texas concludes that under the unambiguous language of the predecessor statute to section 171.252, a corporate entity whose right to transact business in Texas has been forfeited and not revived does not have the right to defend itself in a Texas court." *Zaidi v. Shah*, No. 14-14-00855-CV, at *10 (Tex. App. Sep. 8, 2016) *In re Zuniga*, 332

B.R. 760, 787 n.31 (Bankr. S.D. Tex. 2005). Innovative Ranking Solutions right to transact business was forfeited and reinstated through May 2020, which expired before the debt in question in this civil complaint. **Exhibit O**

e.     In the light of above-mentioned laws and case laws it is justified that the defendant Innovative Ranking Services d/b/a CreditRepairUSA.US is an illegal business entity that is working within Texas state. Under the above-mentioned laws, the creditor cannot take any legal action against the Plaintiff, nor does Innovative Ranking Services d/b/a CreditRepairUSA.US have any legal remedy under the laws. The court should take an immediate action against the Innovative Ranking Services d/b/a CreditRepairUSA.US for violation of the Texas laws.

44.             **MISLEADING AND FABRICATION OF DEBT**

a.     The Federal Fair Debt Collection Practices Act prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. I deny that Southwest Recovery Service has in its possession an agreement with Plaintiff and Credit Innovations (debt reporting to consumer reporting agency), as no such contract exists. A prevailing plaintiff may recover actual damages, additional damages up to $1,000, costs, and reasonable attorney's fees for prosecuting the civil action. *Id.* § 1692k. "Actual damages can include damages for emotional distress, out-of-pocket expenses, personal humiliation, embarrassment, or mental anguish." *Agueros v. Hudson & Keyse, LLC,* No. 04-09-00449-CV, 2010 WL 3418286, at *6 (Tex. App.—San Antonio Aug. 31, 2010, no pet.) (citing *Harrington v. Nat'l Enter. Sys., Inc.,* No. 4:08cv422, 2010 WL 890176, at *4 (E.D. Tex. Mar. 9, 2010)). *Richardson v. SV Almeda I Ltd. P'ship,* No. 01-11-01004-CV, at *23 (Tex. App. Aug. 29, 2013)

b.      Section 392.304 of the TDCA, entitled "Fraudulent, Deceptive or Misleading

Representations," provides in part that "in debt collection or obtaining information concerning a

consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation"

that fails "to disclose clearly in any communication with the debtor the name of the person to

whom the debt has been assigned or is owed when making a demand for money." TEX. FIN.

CODE ANN. § 392.304(a)(4). The statute further provides that "a debt collector may not use a

fraudulent, deceptive, or misleading representation misrepresenting the character, extent, or

amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or

governmental proceeding." *Id*. § 392.304(a)(8). *Ebrahimi v. Caliber Home Loans, Inc.*, No. 05-

18-00456-CV, at *8 (Tex. App. Apr. 15, 2019)

c.      "Section 392.304(a)(8) of the TDCPA, which prohibits a debt collector from

misrepresenting the character, extent, or amount of a consumer debt. *See* TEX. FIN. CODE

ANN. § 392.304(a)(8) (West 2006)." *Shin v. Chase Home Fin., LLC*, No. 05-12-01634-CV, at *4

(Tex. App. June 30, 2014)

d.      15 U.S. Code § 1692e requires a debt collector to refrain from using any "false,

deceptive, or misleading representation or means in connection with the collection of any debt."

The statute delineates specific conduct that violates section 1692e, including: (1) falsely

representing the "character, amount, or legal status of any debt," and (2) using "any false

representation or deceptive means to collect or attempt to collect any debt." §§ 1692e(2)(A)

1692e (10). Furthermore, the FDCPA demands that debt collectors refrain from using "unfair or

unconscionable means to collect or attempt to collect any debt," including the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." § 1692f (1). *Agueros v. Hudson*, No. 04-09-00449-CV, at *1 (Tex. App. Aug. 31, 2010)

45.    ## NO CREDITOR-DEBTOR RELATIONSHIP BETWEEN PLAINTIFF AND CREDIT INNOVATIONS

a.    *Central National Bank of San Angelo v. Cox, Tex.Civ.App.,*96 S.W.2d 746, 748, 'The cases are legion on what constitutes an account stated. In general, the essential elements involved are, transactions between the parties which give rise to an indebtedness of one to the other; an agreement, express or implied, between them fixing the amount due; and a promise, express or implied, by the one to be charged, to pay such indebtedness. 1 Tex.Jur. p. 371 et seq.; 1 C.J. 678; 1 Am.Jur. 272; 1 C.J.S., Account Stated, s 1, p. 693'; the Rule expressly refers to claims for personal service rendered. *Glasco v. Frazer*, 225 S.W.2d 633, 635 (Tex. Civ. App. 1949)

b.    "An agreement is essential to a cause of action for debt." *Dallas County Cmty. College Dist. v. Bolton*, 89 S.W.3d 707, 722 (Tex. App.-Dallas 2002, pet. granted)." *Hewlett-Packard v. Benchmark*, 142 S.W.3d 554, 565 n.6 (Tex. App. 2004)

c.    "The supreme court emphasized that indebtedness to a judgment debtor depends on some form of deposit agreement creating a debtor-creditor relationship." *Art & Frame Direct, Inc. v. Dall. Mkt. Ctr. Operating, L.P.*, 380 S.W.3d 325, 329 (Tex. App. 2012)

d.    The common-law cause of action for an account stated has historically been asserted in

two situations. Corbin on Contracts § 72.1(1) 450 (2005). The first occurs when parties have an ongoing business relationship with a series of transactions back and forth as part of an open running account. *Id.* The parties eventually confer and agree on the balance due to one party or the other. *Id.* The second occurs when two parties owe each other liquidated debts created by separate, independently enforceable transactions and the parties strike a balance between them. *Id.* at 435. Texas courts have held that the cause of action consists of three elements: (1) transactions between the parties gave rise to an indebtedness of one party to the other; (2) an express or implied agreement between the parties fixes an amount due; and (3) the party to be charged makes an express or implied promise to pay the indebtedness. *Busch v. Hudson & Keyse, LLC*, 312 S.W.3d 294, 299 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (citing *Dulong v. Citibank (S.D.), N.A.*, 261 S.W.3d 890, 893 (Tex. App.—Dallas 2008, no pet.)). *Advanced Gas & Equip., Inc. v. Airgas USA, LLC*, No. 14-16-00464-CV, at *6-7 (Tex. App. Aug. 10, 2017)

e.    The legal argument justified that the plaintiff does not have any creditor-debtor relationship with the defendants. The defendants committed the misrepresentation and filed a misleading and fabricated debt claim. The court should take an immediate action and compensate the Plaintiff.

## VI. GROUNDS FOR RELIEF

### COUNT I – EQUIFAX'S VIOLATION OF THE FCRA

### 15 U.S.C. § 1681e(b)

46.    The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

47.    Equifax violated 15 U.S.C. § 168le(b) by failing to establish or follow reasonable

procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

48.     The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

49.     Equifax knew or should have known Plaintiff's consumer report contained a false entry and were inaccurate, but Equifax continued to prepare a patently false consumer report concerning Plaintiff.

50.     Despite actual and implied knowledge that Plaintiff's consumer credit file was and is not accurate, Equifax readily provided false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiff's creditworthiness in which Plaintiff was denied credit as a result of the inaccurate credit reporting.

51.     After Equifax knew or should have known the legal standing of Innovative Ranking Services d/b/a CreditRepairUSA.US to conduct business in the capacity it alleged.

52.     As a result of Equifax's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial of credit, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

53.    Equifax's conduct, action, and inaction, were willful, rendering it liable to Plaintiff

for punitive damages pursuant to 15 U.S.C. § 168ln. In addition, such conduct, action, and

inaction, were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

## COUNT II – EQUIFAX'S VIOLATION OF THE FCRA

## (15 U.S.C. §1681i)

54.    The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

55.    Equifax violated 1681i by failing to update inaccurate information in the Plaintiff's

credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful

reinvestigation, failing to forward all relevant information to furnisher(s), failing to maintain

reasonable procedures with which to filter and verify disputed information in the Plaintiff's

credit file and relying upon verification from a source it has reason to know is unreliable.

56.    As a result of Equifax's conduct, action, and inaction, the Plaintiff suffered damages,

including, but not limited to, denial of credit, loss in ability to finance goods, loss

of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and

emotional pain, anguish, humiliation, and embarrassment of credit denials.

57.    Equifax's conduct, action, and inaction, were willful, rendering it liable for actual or

statutory damages, and punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, such

conduct, action, and inaction were negligent entitling the Plaintiff to recover actual damages

under 15 U.S.C. § 1681o.

## COUNT III – EXPERIAN'S VIOLATION OF THE FCRA

### (15 U.S.C. § 1681e(b)

58.    The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

59.    Experian violated 15 U.S.C. § 168le(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

60.    The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

61.    Despite actual and implied knowledge that Plaintiff's credit report was and is not accurate, Experian readily provided false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiff's creditworthiness.

62.    Experian knew or should have known the legal standing of Innovative Ranking Services d/b/a CreditRepairUSA.US to conduct business in the capacity it alleged.

63.    As a result of Experian's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial of credit, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

64.    Experian's conduct, action, and inaction, were willful, rendering it liable to Plaintiff

for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction, were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

65.     Experian is reporting the alleged creditor as Credit Innovations, which is inaccurate and incomplete as well as reporting the address of the debt collector Southwest Recovery Service as 17311 Dallas Parkway Ste 23 Dallas, Texas 75248 when in fact, that is not the address of the debt collector.

## COUNT IV – EXPERIAN'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681i)

66.     The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

67.     Experian violated 15 U.S.C. § 168li on multiple occasions by failing to update or delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to the furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

68.     As a result of Experian's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial of credit, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

69.      Experian's conduct, action, and inaction, were willful, rendering it liable for actual

or statutory damages, and punitive damages in an amount to be determined by the Court pursuant

to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent

entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.


## COUNT VII – INNOVATIVE RANKING SERVICES INC d/b/a
## CREDITREPAIRUSA.US VIOLATION OF THE FCRA (15 U.S.C. §1679)


70.      Plaintiff repeats and re-alleges each and every factual allegation contained above.

71.      Defendant violated 15 U.S.C §1679b (a)(1) by making a statement which was untrue,

misleading and failed to exercise reasonable care by reporting a debt that the credit repair

organization CREDITREPAIRUSA.US knew was not owed.

72.      Defendant violated 15 U.S.C §1679b (a)(3) by using untrue and misleading

representation of the credit repair organization.

73.      Defendant violated 15 U.S.C §1679b (a)(4) by engaging in an act in the course of

business of fraud and deception.

74.      Defendant violated 15 U.S.C §1679b (b) by requesting payment in advance.

75.      Defendant violated 15 U.S.C §1679b (b)(2) by not a providing a full and detailed

description of the services to be performed.

76.      Defendant violated 15 U.S.C §1679e by ignoring the notice to cancel the contract and

forwarding the debt for collection.

77.      Defendant violated 15 U.S.C §1679c by not providing a copy of the fully executed

contract by both parties.

## COUNT VIII – SOUTHWEST RECOVERY SERVICE VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692, et seq.

78.     Plaintiff repeats and re-alleges each and every factual allegation contained above.

79.     Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt as the debt does not belong to Plaintiff.

80.     Defendants' conduct violated 15 U.S.C §1692e (8) in that Defendants communicated false credit information to the consumer reporting agencies.

81.     Defendants' conduct violated 15 U.S.C §1692e (10) in that Defendants employed false and deceptive means to collect a debt.

82.     Defendants' conduct violated 15 U.S.C §1692g(a) (1) in that Defendants failed to send the Plaintiff.

83.     Defendants' conduct violated 15 U.S.C §1692g(a) (2) in that the Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

84.     Defendants' conduct violated 15 U.S.C §1692g(a) (3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

85.     Defendants' conduct violated 15 U.S.C §1692g(a) (4) in that the Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of the right to have verification and judgment mailed to Plaintiff.

86.     Defendants' conduct violated 15 U.S.C §1692g(a)(5) in that the Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

87.     Defendants' conduct violated 15 U.S.C §1692g(b) in that the Defendants continued collection efforts even though the Debt had not been validated.

88.     Defendant conduct violated 15 U.S.C. § 1692e(5) by threatening and taking an action that cannot legally be taken be taken, including filing a legal action against.

89.     Defendant conduct violated 15 U.S.C. §1692d which prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

90.     Defendant conduct violated to 15 U.S.C. §1692f, which prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt because the alleged debt was not authorized by the agreement creating the debt or permitted by law. Plaintiff entered into no agreement with the alleged creditor or debt collector.

91.     The forgoing acts and omissions of the Defendants constitute numerous and multiple violations of the FCDPA, including every one of the above-cited provisions.

92.     Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT IX – SOUTHWEST RECOVERY SERVICES VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

93.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

94.     Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

95.     Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

96.     The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal,

family, or household purposes.

97    The Defendant violated Sec. 392.301(8) by threatening to take an action prohibited by law.

98.    The Defendant violated Sec. 392.304 (4) by failing to disclose clearly in any communication with the debtor the name of the person to whom the debt has been assigned or is owed when making a demand for money.

99.    The Defendant violated Sec. 392.304 (6) by using a written communication that fails to indicate clearly the name of the debt collector and the debt collector's street address or post office box and telephone number if the written notice refers to a delinquent consumer debt.

100.    The Defendant violated Sec. 392.304 (19) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.

101.    The Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and the remedies under Tex. Bus. & Comm Code §17.62 pursuant to Tex. Fin Code Ann. § 392.404(a)

## COUNT X-SOUTHWEST RECOVERY SERVICES INVASION OF PRIVACY AND INTRUSION INTO PROVATE AFFAIRS

102.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

103.    The Restatement of Torts, Second § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes....upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be

highly offensive to a reasonable person.

104.    Texas further recognizes the Plaintiff's right to be free from invasion of privacy, thus the Defendants violated Texas state law.

105.    To establish a claim for invasion of privacy by intrusion into private affairs, the Plaintiff must show: (1) the defendant intentional intrusion of the Plaintiff's solitude, seclusion or private affairs; (2) the intrusion would he if the intrusion would be highly offensive to a reasonable person."

106.    Texas further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Texas state law.

107.    To establish a claim for invasion of privacy by intrusion into private affairs, the plaintiff must show: (1) the defendant intentionally intruded of the plaintiff's solitude, seclusion or private affairs; (2) the intrusion would be highly offensive to a reasonable person; and (3) the plaintiff suffered an injury as a result of the defendant's intrusion. Valenzuela v. Aquino, 853 S.W.2d 512, 513 (Tex. 1993).

108.    The Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff by having in its possession, Plaintiffs social security card, driver's license, address and full credit card details without the consent of Plaintiff and transmitted the sensitive information unsecured electronic mail via the world wide web.

109.    The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

110.    As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

111.    All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## COUNT XI INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY SOUTHWEST RECOVERY SERVICES

112. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

113. To establish a cause of action for intentional infliction of emotional distress, a plaintiff must show: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct was directed at the plaintiff or at a third person in the plaintiff's presence; (4) the defendant's conduct proximately caused the plaintiff emotional distress; and (5) the emotional distress suffered by the plaintiff was severe. Standard Fruit & Vegetable Co. v. Johnson, 985 S.W.2d 62, 65 (Tex. 1998).

114.    The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

115.    The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Texas.

116.    All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## COUNT XII – SOUTHWEST RECOVERY SERVICES VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICE ACT

117.   Plaintiff reincorporates by reference herein all prior paragraphs above.

118.   This suit is brought, in part, under the authority of Tex. Bus. & Comm. Code §17.41 et seq., commonly known as the Deceptive Trade Practices and Plaintiff Act and cited in this complaint as "DTPA"

119.   Defendant made numerous material misrepresentations in an attempt to collect the purported debt as detailed above.

120.   Defendant knew or should have known that its representation were false and/or acted in reckless disregard for the truth or falsity if its representation.

121.   Defendant's actions were done maliciously and in willful, wanton and reckless disregard for the rights of Plaintiff.

122.   Defendant's actions as detailed above constitute a violation of the Texas Deceptive Trade Practices Act, Tex. Bus. & Comm. Code § 17.41.


## COUNT XIII– SCOTT BEEN VIOLATIONS

123.   Plaintiff reincorporates by reference herein all prior paragraphs above.

124.   Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a (3) of the FDCPA.

125.   Defendant Scott Been is operating a business within the state of Texas without the authorization to do and as a result, I have been severely damaged and request that the court provide injunctive relief so that Scott Been abstain from his illegal action.

126.   Defendant Scott Been knew that any alleged debt owed by Plaintiff was cancelled and

should have not been sent to the debt collector, Southwest Recovery Services.

127.    Defendant Scott Been knew that his right to conduct business as a credit service

Organization, Innovative Ranking Services Inc d/b/a CreditRepairUSA.US expired in October of

2019, thereby making the agreement that gave rise to the alleged debt entered into July 2020,

void.

128.    Defendant Scott Been knew that he had no prior consent from the Plaintiff to transmit

Plaintiff's personal identifying information to the debt collector, Southwest Recovery Services.


## COUNT XIV-RAYMOND DAVIDSON VIOLATIONS

129.    Plaintiff reincorporates by reference herein all prior paragraphs above.

130.    Raymond Davidson should have known that albeit being in possession of Plaintiff's

personal information without Plaintiff's consent, defendant Raymond Davidson did not take

reasonable steps to protect "sensitive personal information", but sent Plaintiff's sensitive

information via electronic unsecured mail in the regular course of business.

131.    Raymond Davidson transmitted an alleged agreement to validate a debt, when he knew or

should have known that the debt was false and misleading.


## COUNT XV-STEVEN DIETZ VIOLATIONS

132.    Plaintiff reincorporates by reference herein all prior paragraphs above.

133.    Steven Dietz should have known that albeit being in possession of Plaintiff's personal

information without Plaintiff's consent, defendant Steven Dietz did not take reasonable

steps to protect "sensitive personal information", but sent Plaintiff's sensitive information via

electronic unsecured mail in the regular course of business.

134. Steven Dietz transmitted an alleged agreement to validate a debt, when he knew or should have known that the debt was false and misleading.

## COUNT XVI – INNOVATIVE RANKING SERVICES INC d/b/a CREDITREPAIRUSA.US VIOLATION OF THE FCRA (15 U.S.C. §1681s-2(b)

135.    Defendant Innovative Ranking Services d/b/a CreditRepairUSA.US violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or failing to appropriately report the results of their investigations, and/or failing to appropriately modify the information.

136.    Innovative Ranking Services d/b/a CreditRepairUSA.US further violated 15 U.S.C. § 1681s-2(b) by continuing to report Credit Innovations within Plaintiff's credit file with the CRA Defendants without also including a notation that this debt was disputed, failed to fully and properly investigate Plaintiff's dispute, by failing to accurately respond to the CRA Defendants, failing to correctly report results of an accurate investigation to every other consumer reporting agency, and failing to correct permanently and lawfully its own internal records to prevent the re-reporting of the Innovative Ranking Services d/b/a Credit Repair USA representations to the consumer reporting agencies.

137.    As a result of Innovative Ranking Services d/b/a CreditRepairUSA.US conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, loss in an ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit

denials.

138.    Innovative Ranking Services d/b/a CreditRepairUSA.US conduct, action, and inaction, were willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

## PRAYER FOR RELIEF

1. WHEREFORE, Plaintiff prays for judgment in the amount of $150,000 against each defendant as follows:

a. For preliminary and permanent injunctive relief to stop Defendants from engaging in the conduct described above;

b. Award statutory and actual damages

c. Award punitive damages in order to deter further unlawful conduct

d. Award fees and costs of suit incurred herein

e. For determination by the Court that Defendant's policies and practices are unlawful and in willful violation of the FCDPA, FCRA, DTPA and TBOC.

Respectfully submitted,
/s/ Kimberly Johnson
1079 W. Round Grove #300-148
Lewisville, Texas 75067
kdjcivil2022@gmail.com
Telephone: 469-847-6253

State of Texas
County of Denton

SUBSCRIBED AND SWORN TO BEFORE
ME, on the 15th day of February 2022.

NOTARY PUBLIC

QUINCY BLAKELY
Notary Public, State of Texas
Comm. Expires 06-30-2025
Notary ID 133185444

Kimberly Johnson