UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KIMBERLY JOHNSON, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Case No. 3:22-CV-0242-X-BH |
| § | |
| SOUTHWEST RECOVERY § | |
| SERVICES INC., et al. § | |
| § | |
| *Defendants.* § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Kimberly Johnson sued Experian Information Solutions, Inc. ("Experian") and other defendants[1] for alleged violations of the Fair Credit Reporting Act, the Fair Debt Collection Act, the Texas Debt Collection Act, and the Deceptive Trade Practices Act.[2]  Experian now moves to compel arbitration and stay the proceedings pending arbitration, claiming that Johnson is bound by an arbitration provision in her "Terms of Use" agreement.[3]  The United States Magistrate Judge made findings, conclusions, and a recommendation. [Doc. No. 72].

As a preliminary matter, the Magistrate Judge first concluded that two evidentiary objections from Johnson—that a witness lacked personal knowledge of

---

[1] Other defendants are Equifax Information Services LLC, Innovative Ranking Services Inc., Southwest Recovery Services, Scott Been, Steven Dietz, and Raymond Davidson.  Doc. No. 7 at 1.

[2] *Id.* at 2.

[3] Doc. No. 44.

1

information in his declaration, and that documents attached to that declaration were hearsay—lacked merit and should be overruled.[4] The Court agrees.

Turning to the motion to compel, the Magistrate Judge applied the Fifth Circuit's two-step inquiry for determining the legitimacy of arbitration agreements, concluding that (1) the parties entered into a valid agreement to arbitrate and this dispute is within the scope of that agreement,[5] and (2) no external legal constraints foreclose the arbitrability of Johnson's claims.[6] Thus, the Magistrate Judge recommends granting the motion.

Finally, the Magistrate Judge concluded that the motion for a mandatory stay should be denied. Section 3 of the Federal Arbitration Act requires courts to stay actions properly referred to arbitration, but absent "exceptional circumstances," this rule only applies to the actual signatories of the arbitration agreement.[7] The Fifth Circuit uses three factors to determine whether such exceptional circumstances exist, i.e., whether a mandatory stay is warranted for non-signatories to an arbitration agreement: "(1) the arbitrated and litigated disputes involve the same operative facts; (2) the claims asserted in the arbitration and litigation are 'inherently inseparable'; and (3) the litigation has a 'critical impact' on the arbitration."[8] And "[t]he question

---

[4] Doc. No. 72 at 5–8.

[5] *Id.* at 11–20 (further concluding that the agreement was not the result of duress, that it was not unconscionable, and that it included a valid delegation clause authorizing the arbitrator to determine issues of arbitrability); *see Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002).

[6] *Id.* at 20.

[7] *See Adams v. Georgia Gulf Corp.*, 237 F.3d 538, 540–41 (5th Cir. 2001).

[8] *Rainier DSC 1, L.L.C. v. Rainier Capital Mgmt., L.P.*, 828 F.3d 356, 360 (5th Cir. 2016) (cleaned up).

2

is not ultimately one of weighing potential harm to the interests of the non-signator[ies], but of determining whether proceeding with litigation will destroy the signatories' right to a meaningful arbitration."[9]

As the Magistrate Judge noted, Johnson asserts claims against non-signatories to the arbitration agreement, but Experian "fail[ed] to address the three factors" when arguing for its stay, instead asserting only that "the litigation is subject to a mandatory stay and should be stayed pending completion of the arbitration."[10]  This conclusory statement fails to establish, or even argue for, the existence of exceptional circumstances that would justify staying Johnson's claims against non-signatories to the arbitration agreement.  Here, the non-signatories include a credit reporting agency, a credit repair organization, a debt collector, and three individuals, and Experian has made no effort to show why Johnson's various claims against them are "inherently inseparable" or why Johnson's suit against each would have a "critical impact" on the arbitration with Experian.

The District Court reviewed for plain error the proposed findings, conclusions, and recommendations.  Finding none, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. [Doc. No. 72]. Accordingly, the Court **GRANTS** Experian's motion to compel arbitration and **DENIES** its motion for mandatory stay.  The Court **DISMISSES WITH PREJUDICE** all claims against Experian.

---

[9] *Waste Mgmt. v. Residuos Industriales Multiquim, S.A. de C.V.*, 372 F.3d 339, 343 (5th Cir. 2004).

[10] Doc. No. 72 at 21 (quoting Doc. No. 44 at 28).

**IT IS SO ORDERED,** this 10th day of February, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE